IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANNON CAUSION #267584
  Plaintiff       :

  v.          :    CIVIL ACTION NO. AMD-07-808

DEAN CROWE       :
  Defendant

MEMORANDUM

Now pending in this civil rights action is defendant's answer to this court's order to show

cause, which has been construed as a motion for summary judgment. (Paper No. 4).  Plaintiff has

filed an opposition to the motion. Paper No. 6. The court has carefully reviewed the record and

concludes  that no hearing is needed. *See* Local Rule 105.6. For the reasons that follow, the motion

for summary judgment shall be granted.

 Plaintiff claims that, although he is housed in protective custody at Western Correctional

Institution (WCI), his life remains endangered by gang members seeking access to him while he is

in protective custody and by family members of the man he murdered.[1] Plaintiff alleges that other

prisoners in protective custody receive notes from his enemies and may help his enemies by harming

him.  (Paper No. 1) He seeks a transfer to an out-of-state prison.  (Paper Nos. 1 and 5).

The state asserts that plaintiff, who remains in protective custody, has no documented

enemies at WCI. (Paper No. 4, Exhibit 2). Specifically, defendant, a case management specialist,

denied plaintiff's Interstate Corrections Compact application because plaintiff can be safely and

properly managed within the Maryland Division of Correction. (*Id*., Exhibit 1, ¶ 4 and Exhibit 4).

None of the individuals alleged to be plaintiff's enemies are housed at WCI.  (*Id*., Exhibit 2).

A motion for summary judgment will be granted only if there exists no genuine issue as to

---

[1]The gang members who allegedly threaten plaintiff are Jerome Lee, Sandy Lawson, Daryl Moor, Thomas
Daily, Paul Thomas, Kevin Campbell and Robert Collins.

any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.  The moving party bears the burden of showing that there is no genuine issue of material fact. *See*  Fed.R.Civ.P. 56(c).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

To prevail here, plaintiff must project evidence that defendant exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339- 40 (4th Cir. 1997).

This is the third time plaintiff has filed a civil rights action asserting that inadequate measures are being taken to protect his life. *See Causion v. Galley,* Civil Action No. AMD 06-333 (D. Md. 2006); *Causion v. Warden*, Civil Action No. AMD 06-1368 (D. Md. 2006). Previously, this court granted judgment in favor of defendants because they had appropriately responded when it was learned that a prison gang had a contract on Causion's life. The court further noted that plaintiff's housing assignment minimized his exposure to general population inmates, and that to the extent plaintiff continues to be subjected to threats and harassment, he has not alleged a cognizable injury.

On the present record, it does not appear that plaintiff has suffered a cognizable injury as a result of receiving continued threats from other inmates. In short, the circumstances in the instant case do not differ significantly from those revealed in the earlier cases, and plaintiff has shown no constitutionally-rooted basis for an award of an interstate transfer  under the injunction standards applicable under  *Blackwelder Furniture Co. v. Selig Manufacturing Co*., 550 F.2d 189 (4th Cir. 1977), or *Yakus v. United States*, 321 U.S. 414 (1944).[2]  Accordingly, defendant is entitled to judgment as a matter of law.  An order follows.


Filed: May 15, 2007                               __/s/_____
                                                  Andre M. Davis
                                                  United States District Judge

---

[2]An injunction generally will not issue where the public interest will be impaired, even temporarily. *Yakus*, 321 U.S. at 440; *see also Virginia Surface Mining and Reclamation Association, Inc. V. Andrus*, 604 F,2d 312 (4th Cir. 1979).